UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos. 12-20322-CR-SEITZ
12-20400-CR-SEITZ
13-20455-CR-SEITZ

UNITED STATES OF AMERICA

vs.

RICARDO AMADOR BALLESTEROS GARCIA,
a/k/a "Ricardo Amador Ballesteros,"
a/k/a "Ricardo Amador Ballester,"
a/k/a "Alejandro Alvarez Abreu,"

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

THIS MATTER is before the Court on Defendant's Motion to Reverse Conviction and Grant an Order for Post-Trial Judgment of Acquittal [Case No. 12-20322, DE 132] and the Government's Response [Case No. 12-20322, DE 134]. Defendant seeks to reverse his three convictions for making a false statement to a federal agency under 18 U.S.C. § 1001(a)(2). Defendant claims that he failed to realize that materiality was an element of the crime when he argued in closing that the jury should convict him on those counts. He now argues that misrepresenting his identity to law enforcement officers was not material.

Under Federal Rule of Criminal Procedure 29(c)(1), a motion for a judgment of acquittal must be filed within fourteen days of the verdict. Even assuming Defendant's motion were timely, which it is not, it is without merit, because Defendant should have been aware of this element before trial, the jury was properly instructed, and the evidence was sufficient to support his convictions. As early as August 2015, Defendant was provided with a draft of the Court's jury instructions, which included materiality as an element of the crime of making a false

statement to a federal agency. At trial in November 2015 prior to closing argument, the jury was instructed that Defendant could be found guilty of that crime only if certain facts were proved beyond a reasonable doubt, including that ". . . the falsity concerned a material matter . . ." and defined materiality as "an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision." [DE 98, p. 16.] Defendant did not object to these instructions, and the element of materiality was sent to the jury. Defendant's citation to *Neder v. United States*, 527 U.S. 1 (1999) and *United States v. Gaudin* 515 U.S. 506 (1995) – both cases in which the Supreme Court found error in failing to send a materiality determination to the jury – are thus inapposite.

To the extent Defendant suggests that his conviction resulted solely from telling the jury during closing argument that he was guilty of that crime based on his own misunderstanding of the law, his argument is also without merit. The jury not only was properly instructed by the Court as to the elements of the crime, but also was further instructed that Defendant's arguments were not evidence. Moreover, the Government's evidence was sufficient to support Defendant's convictions. Federal agents from Homeland Security and the Federal Aviation Administration testified that, while investigating Defendant to determine whether he had been flying without a pilot's license, Defendant lied about his identity on three occasions, including providing a false passport. In light of their testimony, coupled with common sense, reasonable jurors could have found that Defendant's lies about his identity had a "natural tendency to influence" and were "capable of distracting" federal agents in their investigation and thus were material. *Cf. United States v. Adekanbi*, 675 F.3d 178, 183 (2d Cir. 2012). Therefore it is

ORDERED THAT

Defendant's Motion to Reverse Conviction and Grant an Order for Post-Trial Judgment of Acquittal [Case No. 12-20322, DE 132] is **DENIED**.

DONE AND ORDERED in Miami, Florida, this 3rd day of February, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
 *Pro se* Defendant